**FILED**

February 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**RONALD W. PUCKETT,**
**Claimant Below, Petitioner**

**vs.)    No. 19-1085** (BOR Appeal No. 2054370)
                      (Claim No. 2013033399)

**MECHEL BLUESTONE, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Ronald W. Puckett, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mechel Bluestone, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for a referral to neurosurgery and pain management on August 22, 2018. On October 10, 2018, the claims administrator denied a request for a repeat lumbar MRI. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its June 28, 2019, Order. The Order was affirmed by the Board of Review on October 28, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Puckett, a bulldozer operator, injured his neck, back, shoulders, and head when he fell from a bulldozer on June 6, 2013. He sought treatment that day at Carilion Clinic for headache, neck pain, back pain, dizziness, and numbness after a fall. CT scans of the head, cervical spine, and lumbar spine showed no acute injury. Mr. Puckett was diagnosed with cervical sprain, lumbar sprain, and closed head injury.

Mr. Puckett completed an Employees' and Physicians' Report of Injury on June 21, 2013, indicating he fell from a bulldozer and injured his neck, back, shoulders, and head. The physician's

1

section lists the diagnoses as neck pain, back pain, and head injury. On September 4, 2013, a cervical MRI showed no evidence of focal bone changes, disc herniations, or spinal stenosis. Mr. Puckett sought treatment from Shawn Nelson, M.D., on November 15, 2013, for neck pain and numbness in the left side of his face and upper extremities. Dr. Nelson found no injuries on diagnostic imaging and no objective findings on examination.

A cervical MRI performed on January 30, 2014, showed possible narrowing of the left C4-5 foramina. Mr. Puckett underwent a lumbar MRI on March 20, 2014, that revealed degenerative disc disease at L4-5 and less so at L5-S1. There was interval development of a L4-5 disc herniation since a September 2008 CT. Annular disc bulging was noted at L5-S1, without herniation, as well as degenerative changes. Degenerative facet changes were also noted. On June 17, 2014, the Office of Judges reversed a July 18, 2013, claims administrator decision rejecting the claim and held the claim compensable for cervical sprain, lumbar sprain, and unspecified head injury.

In a March 12, 2015, physician review, Rebecca Thaxton, M.D., was asked if brachial neuritis or radiculitis, thoracic or lumbosacral neuritis or radiculitis, and lumbar spinal stenosis should be added to the claim. She opined that Mr. Puckett had a history of chronic back pain caused by a herniated disc, for which he was on a chronic pain management regimen. Dr. Thaxton noted that a September 5, 2013, MRI showed no acute findings. Dr. Thaxton concluded that because there was no surgically treatable lesion, negative EMG, and a negative MRI, there was no basis to add the requested diagnoses to the claim.

Mr. Puckett was seen for a neurosurgical consultation by Robert Crow, M.D., on April 5, 2015. Dr. Crow diagnosed arm, neck, low back, and leg pain, and recommended Mr. Puckett continue with conservative treatment and pain management. The claims administrator denied the addition of brachial neuritis or radiculitis, thoracic or lumbosacral neuritis or radiculitis, and lumbar spinal stenosis to the claim on April 17, 2015.

On May 28, 2015, Bruce Guberman, M.D., completed an independent medical evaluation in which he found that Mr. Puckett had reached maximum medical improvement for his June 6, 2013, injury. Dr. Guberman stated that no additional treatment or testing was necessary and that Mr. Puckett's narcotic prescription should be tapered and weaned. The claims administrator denied a request for a neuropsychological evaluation and a consultation with Dr. Jett on January 13, 2016.

James Dauphin, M.D., performed a physician review on August 30, 2017, in which he opined that a referral to a neurosurgeon was unnecessary for the compensable injury. Mr. Puckett was seen for a neurosurgical consultation in April of 2015 by Dr. Crow, who found that surgery was unnecessary. Dr. Dauphin further noted that Dr. Guberman found Mr. Puckett had reached maximum medical improvement. Dr. Dauphin opined that authorization of a referral to a neurosurgeon should be denied due to a lack of objective findings and the fact that Mr. Puckett had reached maximum medical improvement.

Treatment notes from Clinch Valley Physician Association indicate Mr. Puckett was treated from October 24, 2017, through August 28, 2018, for neck and low back pain/spasms. On June 6, 2018, it was noted that Mr. Puckett's pain was uncontrolled with bilateral upper and lower

extremity weakness. Referral to neurosurgery was recommended. A referral was again recommended on July 3, 2018, due to the 2013 neck injury. It was also recommended that Mr. Puckett be referred to pain management to taper off of his narcotic medications. On July 31, 2018, Mr. Puckett reported worsening symptoms, and an MRI was recommended.

In a July 19, 2018, physician review, Dr. Thaxton was asked to comment on the necessity of a referral to a neurosurgeon and pain management. The requests were made by Clinch Valley Physician Association. Referral to pain management was made due to Mr. Puckett's uncontrolled pain and the physicians' unwillingness to continue prescribing narcotics. Dr. Thaxton concluded that the pain medications were not indicated for this claim, nor had they been authorized. Mr. Puckett took the medications for conditions that preexisted the claim. Therefore, referral to pain management for these medications should not be authorized. Dr. Thaxton also opined that referral to neurosurgery was unnecessary. She found that the neurosurgical request was made for myelopathy; however, MRIs of the neck and lower back were negative, and an upper extremity EMG showed no acute process. Dr. Thaxton noted that when Mr. Puckett was evaluated by Dr. Crow, a neurosurgeon, no surgically treatable conditions were found. Lastly, Dr. Guberman determined on examination that Mr. Puckett had reached maximum medical improvement for the compensable injury and there was no evidence of acute cervical myelopathy. Dr. Thaxton therefore concluded that referral to a neurosurgeon was unnecessary for the compensable injury. The claims administrator denied a request for a referral to neurosurgery and pain management on August 22, 2018.

Syam Stoll, M.D., performed a physician review on September 5, 2018, in which he opined that a repeat lumbar MRI was not necessary treatment for the compensable injury. Mr. Puckett was found to have reached maximum medical improvement. Further, he was well outside of the treatment guidelines found in West Virginia Code of State Rules § 85-20. Dr. Stoll opined that any treatment Mr. Puckett was still undergoing was aimed at treating noncompensable conditions, specifically extensive lumbar spondylosis. The claims administrator denied a request for a repeat lumbar MRI on October 10, 2018.

The Office of Judges affirmed the claims administrator's denials of requests for referral to neurosurgery, referral to pain management, and authorization of a repeat lumbar MRI in its June 28, 2019, Order. The Office of Judges found the claim was held compensable for cervical sprain, lumbar sprain, and unspecified head injury. Diagnostic imaging showed no indication of acute injuries. Mr. Puckett was seen by Dr. Crow, a neurosurgeon, on April 15, 2015, and Dr. Crow concluded that Mr. Puckett had no surgically treatable conditions. The Office of Judges further found that Dr. Guberman determined in his independent medical evaluation that Mr. Puckett had reached maximum medical improvement for the compensable injury. The Office of Judges concluded that a repeat lumbar MRI was unnecessary treatment for the compensable injury because any progression of Mr. Puckett's condition would not be related to a compensable condition. Also, if there was a surgically treatable condition, it would have been found by Dr. Crow. Referral to neurosurgery was therefore also found to be unnecessary in this claim.

Regarding referral to pain management, the Office of Judges concluded that pain medication has not been authorized in this case. The Office of Judges relied on the physician

review of Dr. Thaxton, in which she found that Mr. Puckett was on pain medication prior to the compensable injury and those medications have not been authorized in this claim. She recommended referral to pain management be denied. The Office of Judges concluded that the evidence indicates Mr. Puckett does not require pain medication for the compensable cervical and lumbar sprains. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 28, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Puckett requests a referral to neurosurgery, but the record indicates he has already seen a neurosurgeon in 2015. No surgically treatable condition was found. Given that the compensable conditions in the claim are mere sprains, it is highly unlikely that any progression of his condition would be related to the compensable injury. Referral to neurosurgery and the request for a repeat MRI were therefore properly denied. Referral to pain management was also properly denied because pain medications have not been authorized in this case, and the evidence shows that Mr. Puckett was on the medications prior to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton